THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARY ROBUSTELLI, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>LUKE OIL CO., INC., GATEWAY )<br>TRIANGLE CORP., TARA DAVIS and )<br>UNKNOWN SUPERVISORS, )<br>    Defendants. ) | Case No.: |

## COMPLAINT

NOW COMES Plaintiff MARY ROBUSTELLI (hereinafter "ROBUSTELLI"), by and through counsel, Robin Remley of the Law Office of Robin Remley LLC and for her Complaint against the Defendants, LUKE OIL CO., INC. ("LUKE'S"), GATEWAY TRIANGLE CORP. ("GATEWAY"), TARA DAVIS ("DAVIS") and UNKNOWN SUPERVISORS states as follows:

### I. Introduction

1.    Plaintiff filed this action to redress violations by Defendants, LUKE OIL CO., INC. ("LUKE'S"), GATEWAY TRIANGLE CORP. ("GATEWAY"), TARA DAVIS ("DAVIS") and UNKNOWN SUPERVISORS of the Family and Medical Leave Act ("FMLA") (29 U.S.C. Sect. 2601 et seq.), the Americans with Disabilities Act (ADA) and as amended (ADAAA) and the Age Discrimination in Employment Act (ADEA).

### II.  Jurisdiction and Venue

2.    This action is initiated pursuant to the Family Medical Leave Act (FMLA), The Americans with Disabilities Act as it is amended and the Age Discrimination in Employment Act. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contact with this state and this judicial district is sufficient for the exercise of jurisdiction over

Defendants to comply with traditional notions of fair play and substantial justice.

3. The United States District Court for the Northern District of Indiana has original subject matter jurisdiction, and venue is properly laid in this district because the claims arise under laws of the United States and all actions took place in the county of Lake, State of Indiana.

### III.   Parties/Background

4. Plaintiff MARY ROBUSTELLI ("ROBUSTELLI) is a citizen of the United States, residing in the County of Lake, State of Indiana.

5. Defendant LUKE'S does business in County of Lake, State of Indiana.

6. Defendant GATEWAY does business in County of Lake, State of Indiana.

7. DAVIS was the pay and benefits manager of ROBUSTELLI, and thus had authority and control over the hiring, firing and disciplining of ROBUSTELLI; had knowledge, authority and/or control over employment decisions regarding ROBUSTELLI; had knowledge, authority and/or control over approval/denial/management of her medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over approval/denial/management of her medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

8. UNKNOWN SUPERVISORS were Supervisors of ROBUSTELLI, and thus had authority and control over the hiring, firing and disciplining of ROBUSTELLI; had knowledge, authority and/or control over employment decisions regarding ROBUSTELLI; had knowledge, authority and/or control over approval/denial/management of her medical, short term disability and FMLA leaves as well as providing proper compliance with notifications and guidance pursuant to the FMLA and ADA/ADAAA; and had knowledge, authority and/or control over

approval/denial/management of her medical, short term disability and FMLA leaves and any accommodations needed, as well as reinstatement upon return from FMLA leave.

## IV.  Factual Background

9. ROBUSTELLI began working for LUKE'S on November 25, 2008.

10. ROBUSTELLI was terminated on January 16, 2015.

11. During the six (6) years prior to her termination, ROBUSTELLI had experienced significant knee problems.

12. ROBUSTELLI walked with a noticeable limp for some time, even prior to her knee replacement.

13. Due to ROBUSTELLI's significant knee problems, she was substantially limited in several life activities, including walking and standing.  ROBUSTELLI was disabled and/or perceived to be disabled.

14. In 2008-2010, ROBUSTELLI was a manager on salary and commission.

15. In 2010, ROBUSTELLI was demoted to a cashier position and took a significant pay cut.  She was told it was because it would be less stressful on her knees, although she was performing her duties without accommodation and had not asked for accommodation.  As a cashier, she was taking significant overtime due to call offs, and was making overtime pay.

16. In 2012, ROBUSTELLI was then given the title of assistant store manager, but was doing the same duties she had done before.  However, as an assistant manager, ROBUSTELLI was put on salary at a rate that amounted to less than what her hourly rate as cashier amounted to, and she was not paid for overtime.

17. In June 2014, ROBUSTELLI took off time due to her right knee surgery.  At that time, she applied for FMLA act coverage, and believed she had six (6) weeks of FMLA left.

18. In November, 2015, ROBUSTELLI again applied for FMLA leave due to left knee surgery.

19. Pursuant to her anticipated leave in November, 2015, ROBUSTELLI requested FMLA leave.

20. Subsequently, Defendants provided ROBUSTELLI with U.S. Department of Labor form WH-381, "Notice of Eligibility and Rights and Responsibilities (Family and Medical Leave Act)".

21. On that form, provided by DAVIS, Defendants indicated that ROBUSTELLI was eligible for FMLA leave, and was to submit a health care certification form.

22. The WH-381 form indicated that once the Defendants obtained the information requested, they would inform ROBUSTELLI, within five (5) business days, whether her leave would be designated as FMLA leave and count towards her FMLA leave entitlement.

23. ROBUSTELLI provided the completed the U.S. Department of Labor form WH-380-E Certification of Healthcare Provider for Employees' serious health condition ("Family and Medical Leave Act").  On that form, ROBUSTELLI's physician indicated that the probable duration of her condition would be 12 to 16 weeks, and that she would be having a left total knee replacement on November 18, 2014.  Further, the form indicated that ROBUSTELLI would be incapacitated for a single continuous period of time due to her serious health condition, beginning November 18, 2014, for 12 to 16 weeks.

24. In response to the certification from healthcare provider, Defendants did not provide ROBUSTELLI with notice of the requisite designating her leave as FMLA leave, nor did they inform her of the duration of allowable leave in writing, with a proper return date.

25. Additionally, prior to taking the FMLA leave for her left knee surgery in November, 2014, ROBUSTELLI contacted Human Resources and was informed that she had up to twelve (12) weeks of personal leave and that there were "no worries".

26. At that time, ROBUSTELLI indicated that her leave would last approximately through February, 2015.

27. During ROBUSTELLI's second leave beginning November, 2014, related to her left knee surgery, ROBUSTELLI was terminated, via a letter dated January 16, 2014 from DAVIS.

29. At no time during her leave, did ROBUSTELLI receive any sort of notification that she was required to return to work or be terminated.

## **COUNT I - FMLA INTERFERENCE AGAINST ALL DEFENDANTS**

30. Paragraph 30 hereby re-alleges and incorporates Paragraphs 1 through 29 as if fully set out herein.

31. LUKE'S has more than fifty (50) employees within a seventy-five (75) mile radius of the facility where ROBUSTELLI worked, and thus is subject to the mandates of the FMLA.

32. ROBUSTELLI was qualified for FMLA leave in that she had a serious health condition, i.e. severe knee pain requiring surgery.

33. By requesting leave and going on leave, ROBUSTELLI exercised her rights pursuant to the FMLA.

34. By failing to provide ROBUSTELLI with a notice designating her leave as FMLA and/or indicating a return date to work, Defendants interfered with ROBUSTELLI's FMLA rights.

35. By terminating ROBUSTELLI, Defendants interfered with ROBUSTELLI's FMLA rights.

36. Defendants UNKNOWN SUPERVISORS are individually liable under the FMLA due to her control over ROBUSTELLI'S leaves, benefits, and termination.

37. Defendant TARA DAVIS is individually liable under the FMLA due to her control over ROBUSTELLI'S leaves, benefits, and termination.

38. Further, Defendants, LUKE'S an d GATEWAY are vicariously liable for the actions of employees and DAVIS and UNKNOWN SUPERVISORS, via respondeat superior, as they were acting within the scope of their employment with LUKE'S at the time of their actions.

39. Defendants' actions were not in good faith and they did not take steps to comply with FMLA.

WHEREFORE, Plaintiff seeks judgment against the Defendants, LUKE OIL CO., INC. ("LUKE'S"), GATEWAY TRIANGLE CORP. ("GATEWAY"), TARA DAVIS ("DAVIS") and UNKNOWN SUPERVISORS in an amount that is fair and reasonable in the premises, plus costs of this action, punitive or liquidated damages per statute, attorneys fees, and all other just and proper relief.

## COUNT II - FMLA RETALIATION AGAINST ALL DEFENDANTS

40. Paragraph 40 hereby re-alleges and incorporates Paragraphs 1 through 39 as if fully set out herein.

41. Based on the actions of LUKE'S, GATEWAY TRIANGLE CORP., TARA DAVIS and UNKNOWN SUPERVISORS in failing to provide ROBUSTELLI with the proper designation notice, and/or failing to provide her with a proper return to work date, and in terminating ROBUSTELLI, Defendants retaliated against ROBUSTELLI for exercising her FMLA rights.

WHEREFORE, Plaintiff seeks judgment against the Defendants, LUKE OIL CO., INC. ("LUKE'S"), GATEWAY TRIANGLE CORP. ("GATEWAY"), TARA DAVIS ("DAVIS") and

UNKNOWN SUPERVISORS in an amount that is fair and reasonable in the premises, plus costs of this action, punitive or liquidated damages per statute, attorneys fees, and all other just and proper relief.

## **COUNT III–VIOLATIONS OF THE ADA/ADAAA AGAINST LUKE'S and GATEWAY**

42. Paragraph 42 hereby re-alleges and incorporates Paragraphs 1 through 43 as if fully set out herein.

43. ROBUSTELLI is a disabled individual or considered to have a disability based on her significant knee problems and the fact that she is substantially limited in several life activities, including walking and standing.

44. ROBUSTELLI was discriminated against for being disabled or being perceived as having a disability. She suffered multiple demotions and pay cuts during her employment with Defendants. At one point, she went from being a assistant manager/manager on salary and commission to a cashier, with a significant pay cut. She was told at that time that it would "it would be less stressful on her knees" although she was performing her duties without accommodation and had not asked for accommodation. Thereafter, she was given a title of assistant store manager doing the same duties as before, with less pay.

45. ROBUSTELLI was discriminated against for being disabled or being perceived as disabled in that Defendants failed to accommodate her by terminating her in lieu of leave as an accommodation.

46. ROBUSTELLI was unlawfully discriminated against on the basis of her disability or perceived disability in the terms and conditions of her employment by (among other things):

- being subjected to higher levels of managerial scrutiny than similarly situated, non-disabled employees;

- subjecting plaintiff to a higher level of disciplinary scrutiny than similarly situated non-disabled employees;

- terminating plaintiff's employment on the basis of the foregoing;

- demoting Plaintiff;

- subjecting Plaintiff to pay cuts;

- by not reasonable accommodating her.

47. ROBUSTELLI was discriminated against and treated unequally in violation of the Americans with Disabilities Act of 1990 (and ADAAA).

WHEREFORE, Plaintiff seeks judgment against the Defendants, LUKE OIL CO., INC. and GATEWAY TRIANGLE CORP. ("GATEWAY") in an amount that is fair and reasonable in the premises, plus costs of this action, punitive or liquidated damages per statute, attorneys fees, and all other just and proper relief.

## COUNT IV–OVERTIME VIOLATION PURSUANT TO THE FAIR LABOR STANDARDS ACT AGAINST LUKE'S and GATEWAY

48. Paragraph 48 hereby re-alleges and incorporates Paragraphs 1 through 47 as if fully set out herein.

49. Plaintiff performed various activities for Defendants in Lake County, Indiana and throughout the duration of her employment her duties primarily included tasks such as filling in and preparing schedules, ordering supplies, placing orders, filling supplies, preparing paperwork, doing daily reports, collecting money and making deposits.

50. Plaintiff did not implement, manage policies or oversee normal business operations. She did not have authority to exercise discretion or independent judgment with respect to matters of significance. She did not advise management, or plan, negotiate or represent on behalf of the Defendants. She did not have authority to hire, fire, or interview employees, said or adjust rates of

pay, discipline employees, etc.

51. Defendants, LUKE'S and GATEWAY, conduct its businesses in, among others, Lake County, Indiana, and are therefore within jurisdiction of this Court.

52. This action is brought under the FLSA to recover from Defendants, LUKE'S and GATEWAY overtime compensation, liquidated damages, and reasonable attorneys' fees and costs for the past seven (7) years.

53. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

54. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

55. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201209, because Plaintiff, **and those similarly situated to her**, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to her, for those hours worked in excess of forty within a work week. Specifically, Defendants misclassified Plaintiff, and those similarly situated to her, as exempt from overtime under the FLSA when, in fact, the realities of the situation were that Plaintiff, and those similarly situated to her, were performing non-exempt duties for the Defendants.

56. As a result of Defendants misclassification regarding their non-exempt status, Plaintiff, and those similarly situated to her, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

57. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated to her, are in the

possession and custody of Defendants.

58. Plaintiff has retained the services of the undersigned law firm who are entitled to be paid for their services as well as the costs incurred.

59. Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During their employment with Defendants, Plaintiff, and those similarly situated to her, regularly worked overtime hours but were not paid time and one half compensation for same.

60. As a result of Defendants intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

61. As a result of Defendants willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to liquidated damages.

WHEREFORE, Plaintiff and all other similar situated employees, demand judgment against the Defendants, LUKE OIL CO., INC. ("LUKE'S") and GATEWAY TRIANGLE CORP. ("GATEWAY") for payment of all overtime hours at one-half regular rate of pay with hours worked by them for which Defendants did not properly compensate in an amount that is fair and reasonable in the premises, plus costs of this action, punitive or liquidated damages per statute, attorneys fees, and all other just and proper relief.

**COUNT V–INDIANA WAGE PAYMENT ACT AGAINST LUKE'S and GATEWAY**

62. Paragraph 62 hereby re-alleges and incorporates Paragraphs 1 through 61 as if fully set out herein.

63. Defendants actions constitute violations via the Indiana Wage Payment Act, Section

22-2-2-3 Et Seq.

WHEREFORE, Plaintiff and all other similar situated employees, demand judgment against the Defendants, LUKE OIL CO., INC. ("LUKE'S") and GATEWAY TRIANGLE CORP. ("GATEWAY") for payment of all overtime hours at one-half regular rate of pay with hours worked by them for which Defendants did not properly compensate in an amount that is fair and reasonable in the premises, plus costs of this action, punitive or liquidated damages per statute, attorneys fees, and all other just and proper relief.

/s/ Robin G. Remley
Robin G. Remley
robin@remleylaw.attys.pro
Attorney for Plaintiff, Mary Robustelli
Law Office of Robin Remley LLC
2870 North Main Street, Suite A
Crown Point, IN 46307
(219) 961-5415 / Facsimile: (866) 922-3497

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

Respectfully submitted,

/s/ Robin G. Remley
Robin G. Remley
robin@remleylaw.attys.pro
Attorney for Plaintiff, Mary Robustelli
Law Office of Robin Remley LLC
2870 North Main Street, Suite A
Crown Point, IN 46307
(219) 961-5415 / Facsimile: (866) 922-3497

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2016, I filed the foregoing PLAINTIFF'S COMPLAINT with the Clerk of the Court, and that all parties will be served via certified mail.

/s/ Robin G. Remley